UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JACKSON, JR.,

    Plaintiff,

v.

CITY OF HIGHLAND PARK, ET AL.,

    Defendants.
                                 /

Case No. 15-10678

Honorable Nancy G. Edmunds

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ALLOWING PLAINTIFF LEAVE TO AMEND TO REPLEAD COUNT VI [12]

Plaintiff Andrew Jackson Jr. filed this civil rights lawsuit against the City of Highland Park, the City of Grosse Pointe Park, and various police officers employed by the municipalities. According to the amended complaint, Plaintiff was arrested and severely beaten by Defendant Officers in violation of 42 U.S.C. § 1983 and Michigan state law. Plaintiff has asserted various *Monell* claims against the municipalities and further maintains that all Defendants are liable for gross negligence, excessive force, conspiracy, and deliberate indifference.

Currently before the Court is Defendant City of Highland Park and Officer Ronald Dupuis' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 12). Highland Park's motion is joined by Defendants Grosse Pointe Park and Officer James Vogler. (Dkt. 20). For the reasons stated more fully below, the Court GRANTS Highland Park's request and allows Plaintiff leave to amend to replead Count VI.

**I.     Background**

The universe of facts giving rise to Plaintiff's amended complaint are as follows:

> 15. On the evening of January 12, 2015, . . . Mr. Jackson was placed under arrest by the Defendants.
>
> 16. Mr. Jackson did not resist the arrest, and followed all commands of the Police Officers.
>
> 17. During the arrest, and after being handcuffed while face down on the ground, Mr. Jackson was severely kicked and beaten by the Defendants.
>
> 18. As a result of the Defendants actions, Mr. Jackson's injuries were inclusive of, but not limited to, injuries to his head, right eye, ribs, and legs.

(Compl. ¶¶ 15-18).

Plaintiff asserts six counts against Defendants.[1] While the complaint is extremely vague on many levels, Plaintiff appears to be pursuing a single claim for gross negligence under Michigan law and five claims pursuant to 42 U.S.C. § 1983. With respect to the § 1983 claims, Counts II-IV appear to be claims for municipal liability premised on the theory that Highland Park and Grosse Pointe Park (1) failed to adequately train/supervise the Defendant Officers, (2) maintained customs and policies which permitted the violation of Plaintiff's constitutional rights, and (3) were deliberately indifferent to Plaintiff's well-being. Finally, Counts V and VI assert claims for conspiracy and excessive force, respectively.

---

[1] Worthy of note, the complaint fails to describe any conduct specific to a particular Defendant. Moreover, all of the claims are lodged against Defendants as a collective group. In *Frazier v. Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002), the Sixth Circuit affirmed dismissal of the plaintiff's § 1983 complaint for failing to allege "specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights."

II. **Standard of Review**

As a preliminary matter, the Court notes that Defendants' motion to dismiss--brought pursuant to Fed. R. Civ. P. 12(b)(6)--is procedurally improper. Indeed, where, as here, the defendant has proffered an answer to the complaint, relief under this subsection of the Rule is no longer available. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). As such, the Sixth Circuit has treated post-answer Rule 12(b)(6) motions as requests for the entry of judgment on the pleadings under Rule 12(c). *See Satkowiak v. Bay Cnty. Sheriff's Dep't*, 47 F. App'x. 376, 377 n. 1 (6th Cir. 2002). The Court thus considers Defendants' request under Rule 12(c), which is evaluated under the same standard applicable to Rule 12(b)(6).

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir.2007) (citing Fed.R.Civ.P. 10(c))."A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim*." Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999) (internal quotation marks and citations omitted).

### III. Analysis

The crux of Defendants' argument is that Plaintiff's complaint "does not clearly delineate the acts complained of, the constitutional violations connected to the acts, or the individual actors or municipal entities responsible for violations of the rights mentioned . . . ." (Def.'s Mot. 4). In other words, Defendants' assert that Plaintiff has failed to satisfy the pleading standard set forth under *Twombly* and its progeny. The Court considers each of Plaintiff's claims in turn.

#### A. Count I: Gross Negligence

In Count I of the amended complaint, Plaintiff claims that Defendants' alleged use of excessive force in effectuating his arrest constituted gross negligence under Mich. Comp. Laws § 691.1407. As the Sixth Circuit--relying on Michigan Supreme Court precedent--has explained, "[a]lthough establishing that a governmental official's conduct amounted to 'gross negligence' is a prerequisite to avoiding that official's statutory governmental immunity, it is not an independent cause of action. The only cause of action available for allegations of this nature would be for assault and battery.'" *Bletz v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011) (citing *Van Vorous v. Burmeister*, 262 Mich. App. 467, 687 N.W.2d 132, 143 (Mich. 2004) ("[t]hus plaintiff's claim of gross negligence is fully premised on her claim of excessive force. [T]his Court has rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence.").

Here, as far as the Court can reasonably tell, Plaintiff's gross negligence claim arises from the same set of facts as his claim for excessive force. Indeed, Plaintiff maintains that he was "seriously injured as a result of the Defendants' gross negligence." (Compl. ¶ 34). "If the jury determines that Defendants unnecessarily kicked and struck Plaintiff during the arrest, such conduct would be considered intentional. Under Michigan law, intentional acts giving rise to intentional torts cannot form the factual basis of a gross negligence claim." *Gottage v. City of St. Clair Shores*, 10-11049, 2012 WL 1079798, at *5 (E.D. Mich. Mar. 30, 2012) (citing *Van Vorous*, 687 N.W.2d at 143). Without any argument from Plaintiff to the contrary, the Court is left only to conclude that this claim fails to survive under *Van Vorous* and its progeny. Accordingly, the Court dismisses Count I of the complaint. *See Burnett v. City of Highland Park*, 09-14238, 2011 WL 5142969, *7 (E.D. Mich. Oct. 28, 2011) ("[e]ssentially, Burnett's claims of assault and battery and gross negligence arise out of

5

Stevenson's alleged use of excessive force. Thus, Burnett may not properly list gross negligence as a separate cause of action.").

### B.  Counts II-IV: Municipal Liability

As a preliminary matter, the Court notes that "Section 1983 'is not itself a source of substantive rights, but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted). The first step in any § 1983 claim "is to identify the specific constitutional right allegedly infringed." *Id. See also Fox v. Corrigan*, 04-2299, 161 Fed. Appx. 522, 523 (6th Cir. Dec. 29, 2005) ("[b]ased on Plaintiff's failure to allege violations of constitutionally cognizable rights, the district court's dismissal of the case is affirmed."). While Plaintiff uses various terms of art throughout the complaint to suggest that his rights have been compromised, he fails to trace the majority of his § 1983 claims to a specific constitutional violation.

Notwithstanding this glaring pleading deficiency, in Counts II-IV Plaintiff appears to be asserting a series of "deliberate indifference" claims against Highland Park and Grosse Pointe Park ("Municipal Defendants"). These claims can be boiled down to two paragraphs within the complaint. First, Plaintiff maintains that "Defendants knowingly and [with] deliberate indifference failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers . . . ." (Compl. ¶ 57). Next, Plaintiff contends that Defendants "existing policies and/or customs directly led to the foreseeable excessive use of force and unlawful injury . . . . " (Compl. ¶ 64). All three of Plaintiff's *Monell* claims fail for the same reason; namely, the complaint fails "to raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]." *Twombly,* 550 U.S. at 556.

It is well-established that a municipality may not be held liable under § 1983 based upon a theory of respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Rather, municipal liability arises only 'when execution of a government's policy or custom, whether made by lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *McCollum v. Bahl*, No. 1:08–CV–96, 2008 WL 5396248, *4 (W.D. Mich. Dec.18, 2008) (quoting *Monel*l, 436 U.S. at 694). "In addition, there must be an 'affirmative link between the policy and the particular constitutional violation alleged.'" *Id*. (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). Moreover, "[t]he courts recognize a systematic failure to train police officers adequately as custom or policy which can lead to city liability." *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006). "Allegations that a particular officer was improperly trained are insufficient to provide liability, as are claims that a particular injury could have been avoided with better training." *Sova v. City of Mt. Pleasant,* 142 F.3d 898, 904 (6th Cir. 1998). "Only when the failure to train amounts to 'deliberate indifference' on behalf of the city toward its inhabitants, however, will failure to train lead to city liability under § 1983.'" *Gregory*, 444 F.3d at 753.

Defendants argue that, because Plaintiff fails to identify a specific policy or custom that he claims caused his alleged constitutional violations, his § 1983 claims of municipal liability are subject to dismissal under Rule 12(b)(6). This Court agrees. Indeed, Plaintiff has alleged little more than "labels and conclusions" and "a formulaic recitation of the elements." Plaintiff "has not identified any specific municipal policy, custom, training program, or supervision policy to support [his] claims against the [Municipal Defendants]." *Rush v. City of Lansing,* 13-1317, 2015 WL 632321, at *5 (W.D. Mich. Feb. 13, 2015)

(dismissing all claims against the City of Lansing under Rule 12(b)(6)). Nor does the complaint contain any facts from which the Court could conclude that it is plausible that the Municipal Defendants maintain "a custom, policy, and/or practice that resulted in the alleged violation of Plaintiff's constitutional rights . . . . " *Curney v. City of Highland Park*, 11-12083, 2012 WL 1079473, at *1 (E.D. Mich. Mar. 30, 2012). As the court aptly explained in *Curney,*

> this Court understands *Twombly* and *Iqbal* as requiring Plaintiff to allege some facts in his Complaint to support his conclusory allegation that Highland Park 'fail[s] to adequately train and/or supervise its police officers.' Plaintiff cannot allege a municipal liability claim hoping that discovery will reveal facts to support the claim. A lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant. However, if discovery related to Plaintiff's claims against the individual officers uncovers facts supporting Highland Park's liability for their conduct, Plaintiff then can pursue a lawsuit against the municipality or seek to amend his Complaint in this case.

*Id.* at *5; *see also Denard v. Williams*, 10-14023, 2011 WL 4374534, at *4 (E.D. Mich. Sept. 20, 2011) ("[t]o merely state that a municipality has a policy or custom is not enough; a plaintiff must allege facts demonstrating [the] municipality's policy, such as examples of past situations where law enforcement officials have violated constitutional rights."). Accordingly, all counts against the Municipal Defendants must be dismissed. If discovery related to Plaintiff's surviving claim reveals facts supporting liability for the conduct of the Municipal Defendants, Plaintiff is free to seek leave to amend his complaint.

### C. Count V: Conspiracy

"A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (internal quotation marks and citation omitted). To prevail on a § 1983 conspiracy

claim, a plaintiff must establish: (1) the existence of "a single plan," (2) that the defendant "shared in the general conspiratorial objective to deprive [the plaintiff] of his constitutional (or federal statutory) rights, and (3) that an overt act was committed in furtherance of the conspiracy that caused injury to [the plaintiff]." *Id.* (internal quotations marks and citations omitted). Mere speculation and conjecture are insufficient to establish the existence of an agreement, an essential element of a § 1983 conspiracy claim. *See Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989) (affirming the district court's decision to direct a verdict for the defendant on a § 1983 conspiracy claim because there was "no evidence beyond mere conjecture and speculation that an agreement existed, thus, precluding a finding of a conspiracy.").

According to Plaintiff, "[a]s a result of [Defendants] concerted unlawful and malicious conspiracy, Defendants deprived Plaintiff of both his liberty without due process of law and his right to equal protection of the laws . . . . " (Compl. ¶ 10). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). Plaintiff's claim suffers from at least two fatal flaws. First, there are no facts suggesting the existence of a "single plan." *See Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir. 2012) ("[b]ecause conclusory allegations of a conspiracy are insufficient . . . the district court was correct to dismiss Trans Rail's claim on this basis."). Moreover, the complaint fails to identify how Defendants' "unlawful and malicious" actions resulted in the deprivation of Plaintiff's constitutional rights. Indeed, the complaint presents nothing more than legal conclusions in this respect, but "legal conclusions need not be accepted as true," and, "the

9

complaint must set forth 'some factual basis' for the claims asserted.'" *Id.* at 989 (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir.2011). As such, the Court must, and does, dismiss Count V.

### D. Count VI: Excessive Force

Finally, in Count VI, Plaintiff asserts a claim for excessive force under § 1983 stemming from a violation of the Fourth and Fourteenth Amendments to the United States Constitution. The right to be free from the use of excessive or unreasonable force is a clearly established constitutional right. *See Graham v. Connor*, 490 U.S. 386, 392-99, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "The 'reasonableness' inquiry in an excessive force case is an objective one; consequently, [the Court] must consider 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ingram v. City of Columbus*, 185 F.3d 579, 596 (6th Cir.1999) (quoting *Graham*, 490 U.S. at 397). To establish a claim of excessive force, Plaintiff must prove that Defendants (1) actively participated in the use of excessive force, (2) supervised an officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

As discussed, under *Twombly,* the Court assumes the facts recited in the complaint are true and "construe[s] the complaint in the light most favorable to plaintiff." *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal quotations and citations omitted). Here, Plaintiff alleges, *inter alia*, that "Defendant Police Officers purposely and intentionally beat and kicked the Plaintiff knowing that such use of force was unreasonable and unnecessary under the particular circumstances." (Compl. ¶ 70). This assertion, if believed, may give

rise to an excessive force claim against Defendant Officers in the plural form. Indeed, the "sole constitutional standard for evaluating claims of excessive force during the course of an arrest is the reasonableness criterion of the Fourth Amendment." *Young v. City of Highland Park*, 11-12780, 2011 WL 5215154, at *1 (E.D. Mich. Nov. 2, 2011) ("Plaintiff's complaint . . . states that although Plaintiff "begged Defendants to stop hurting him, Defendants continued to grab and twist Plaintiff's arms which caused further injuries to Plaintiff. [T]his allegation plausibly gives rise to an excessive force claim . . . . ").

Notwithstanding the plausibility of Plaintiff's claim, he fails to attribute any of the conduct to a specific Defendant. Indeed, all of the allegations under Count VI are lodged against "Defendants" and "Defendant Officers" as a collective group. This leaves the Court only to guess whether--and to what extent--the named Defendants actually contributed to the underlying constitutional violations. Moreover, Plaintiff vaguely refers to the Fourth and Fourteenth Amendments to the Constitution without describing the precise legal basis in support of his claims. Accordingly, the Court grants Defendants' motion to dismiss Count VI, but allows Plaintiff leave to replead this claim with greater specificity.

### IV. Conclusion

For the reasons thus stated, the Court GRANTS Defendants' motion to dismiss. Plaintiff may amend his complaint with respect to Count VI within ten (10) days of entry of this order. All other claims are hereby dismissed without prejudice.

SO ORDERED.

> S/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: May 27, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2015, by electronic and/or ordinary mail.

> S/Carol J. Bethel
> Case Manager